**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ABBAS JAFARIAN, )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>JOHN DOE, )<br>)<br>   Defendant. )<br>) | **COMPLAINT**<br><br>NO._____ |

Plaintiff Abbas Jafarian ("Mr. Jafarian") brings this complaint against a person (or persons) who has registered the domain name www.abbas-jafarian.com (the "Domain Name") and created a webpage at the Domain Name (the "Webpage") that publishes false, defamatory, and malicious statements and content that disparage and malign Mr. Jafarian. Mr. Jafarian now brings this action to discover the identity of the person(s) who registered the Domain Name and created the Webpage and to recover for his or her tortious conduct.

**PARTIES**

1. Plaintiff Abbas Jafarian is an individual who resides in Monaco.

2. Upon information and belief, defendant John Doe is an anonymous person or persons who registered the Domain Name and created the Webpage. The true identity of Doe is currently unknown to Mr. Jafarian, but upon information and belief information obtained in discovery will lead to the identification of Doe's true name and identity, whereupon Mr. Jafarian will amend this Complaint.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the common law claim pursuant to 28 U.S.C. § 1367, because they arise from a common nucleus of operative fact giving rise to the federal claim.

4. This Court has personal jurisdiction over John Doe because, upon information and belief, Doe resides and/or transacts business in this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, upon information and belief, John Doe resides in this District and because Doe is subject to personal jurisdiction here.

## FACTS

6. Mr. Jafarian is the founder and chief operating officer of Black Pearl Capital S.A., an asset management and investment company headquartered in Geneva, Switzerland, with offices in London, Hong Kong, and Dubai.

7. Mr. Jafarian was born in Iran but moved to the United Kingdom as a child. He received his honors degree in International Relations and Management Science from the University of Kent at Canterbury, England, and later his Masters of Business Administration from the London Business School in 1998. A member of the Institute of Chartered Accountants in England and Wales, Mr. Jafarian worked at Arthur Andersen, Deloitte, and Morgan Stanley before founding Black Pearl Capital in 2007.

8. Mr. Jafarian has engaged in considerable philanthropic efforts. For instance, Black Pearl Capital has created the Black Pearl Charitable Foundation, which supports charitable

works aimed at alleviating poverty, improving children's health and education, encouraging diversity, and promoting arts and culture.

9. Mr. Jafarian undertook a successful trek to the South Pole in December 2017, becoming the first Iranian to do so.  Through his expedition, Mr. Jafarian raised tens of thousands of dollars for international charities that focus on the welfare and education of children.

10. Mr. Jafarian recently discovered that someone had registered the Domain Name and created the Webpage.

11. The Domain Name is identical to Mr. Jafarian's personal name.

12. The Domain Name was registered through the domain name registrar Automattic. The WHOIS data for the Domain Name does not identify the actual registrant, but instead shows that Domain Name is registered to an entity named Knock Knock Whois Not There, LLC.

13. Upon information and belief, Knock Knock Whois Not There, LLC, is a Delaware limited liability company wholly owned by Automattic that is in the business of providing "privacy shield" services.  In other words, Knock Knock Whois Not There, LLC is identified as the nominal owner of a domain registration for the specific purpose of obscuring the identity of the actual owner.

14. Automattic has refused Mr. Jafarian's written request to provide the name of the actual owner of the Domain Name registration.

15. The Webpage comprises a single page.  It publishes a screen capture of Mr. Jafarian, from a television appearance on CNBC, together with paragraphs of false and defamatory allegations that Mr. Jafarian is "close to" or "belong[s] to" the Muslim Brotherhood, an organization that has sometimes been labeled a foreign terrorist organization, among others.

16. The statements on the Webpage are and have always been false and defamatory.

17. The false statements were, upon information and belief, made with actual malice and knowledge of their falsity.

## COUNT I

### (15 U.S.C. § 8131 - Cyberpiracy)

18. Mr. Jafarian hereby adopts and incorporates by reference the allegations contained in paragraphs 1 to 17 of this Complaint as if fully set forth herein.

19. Defendant Doe registered the Domain Name after November 29, 1999.

20. The Domain Name consists of the personal name of Mr. Jafarian.

21. Doe registered the Domain Name without the consent of Mr. Jafarian.

22. Doe registered the domain name with the specific intent to profit from the Domain Name by selling the Domain name for financial gain to Mr. Jafarian or a third party.

23. By this conduct, Doe has violated 15 U.S.C. § 8131 and is liable to Mr. Jafarian for monetary damages, costs, and attorneys' fees.

## COUNT II

### (Defamation)

24. Mr. Jafarian hereby adopts and incorporates by reference the allegations contained in paragraphs 1 to 17 of this Complaint as if fully set forth herein.

25. Defendant Doe defamed Mr. Jafarian by publishing false and defamatory statements regarding Mr. Jafarian.

26. Doe's statements and writings identified Mr. Jafarian, were published to third parties, and are false.

27. Doe's statements and writings disparage the integrity of Mr. Jafarian and are calculated to discredit Mr. Jafarian's reputation to the community at large, including members of the financial community.

28. Further, in publishing these false and defamatory writings, Doe acted with actual malice in that he knew that the information published was false and untrue, or published the information with reckless disregard of whether it was false and untrue, because with ordinary and reasonable care, Doe would have realized or could have discovered that his statements were obviously false and grossly libelous as they applied to Mr. Jafarian.

29. As a result of Doe's false and defamatory statements, Mr. Jafarian has suffered injury to his business and professional reputations within the financial community.

30. Mr. Jafarian is entitled to monetary damages, including, but not limited to, damages to compensate him for the harm to his reputation.

## **PRAYERS FOR RELIEF**

WHEREFORE, plaintiff Abbas Jafarian respectfully requests that the Court:

(a)   Enter judgment in his favor on Count I, awarding him monetary damages, plus interest, costs, and attorneys' fees, and ordering the transfer of the Domain Name to Mr. Jafarian;

(b)   Enter judgment in his favor on Count II, awarding him monetary damages, plus interest, in an amount to be determined at trial;

(b)   Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ABBAS JAFARIAN**

By his attorneys,

/s/ *Edward J. Naughton*
Edward J. Naughton  (BBO # 600059)
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
enaughton@brownrudnick.com

DATED:  May 29, 2019